UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

NEW MO-TOWN PHARMACY, INC.,
a Michigan corporation,

*Plaintiff*,

v.

XPRESS CARE PHARMACY, LLC,
a Michigan limited liability company,
CLIFFSIDE MEDICAL HOLDINGS, LLC,
a Michigan limited liability company,

*Defendants*.
_____/

Case No.: 2:24-cv-11000

HON.

Sylvia Bolos (P78715)
David Chami (AZ # 027585)
CONSUMER ATTORNEYS
8245 N 85th Way
Scottsdale, AZ 85258
T: (248) 406-6025
E: sbolos@consumerattorneys.com
   dchami@consumerattorneys.com

*Attorneys for Plaintiff*
*New Mo-Town Pharmacy, Inc.*

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff New Mo-Town Pharmacy, Inc. ("Plaintiff"), through counsel, alleges

that Defendants Xpress Care Pharmacy, LLC ("Xpress Care") and Cliffside Medical

Holdings, LLC ("Cliffside") violated the Lanham Act, 15 U.S.C. § 1501, *et seq.*, the

1

Michigan Consumer Protection Act, MCL 445.901, *et. seq.* ("MCPA"), and Michigan's common-law rules against unfair competition

## INTRODUCTION

1.  Since 2007, Plaintiff has operated a pharmacy in northeast Detroit under the name "Mo-Town Pharmacy," ("Plaintiff's Trade Name") developing a loyal customer base and a good reputation throughout the community in connection with that name. Until November 13, 2023, its pharmacy was located on Seven Mile Road, near its intersection with Conant Street.

2.  Since 2021, Plaintiff's principals, Sam Salem and Fayez Faraj, have been involved in a heretofore unrelated business conflict with Fadi Nuseibeh in connection with a limited liability company that makes group purchases for member pharmacies ("the Buying Group").

3.  In 2023, Nuseibeh, acting through Cliffside, a company in which he has a membership interest, arranged for the termination of Plaintiff's lease for its Seven Mile Road location, forcing Plaintiff to move to a new location on Conant Street, a few blocks from its original location.

4.  After the lease termination, and under Nuseibeh's direction, Xpress Care filed papers with the State of Michigan to begin using the name "Motown Xpress Pharmacy." Shortly thereafter, Defendant opened a new pharmacy at

Plaintiff's former location on Seven Mile Road and began using its new assumed name.

5. Defendants' establishment and operation of a pharmacy under the name "Motown Xpress Pharmacy" is designed to confuse the public, misappropriate Plaintiff's trade name and associated trademarks, and to extort concessions from Plaintiff's principals in connection with their separate dispute with Nuseibeh regarding the Buying Group.

6. Defendants' conduct violates the Lanham Act, specifically 15 U.S.C. § 1125(a), the MCPA, and Michigan's common-law rules against unfair competition. Because it is willful and because it was undertaken for an improper purpose, it warrants the most severe sanctions available under law, including treble damages and the award of attorneys' fees, as well as preliminary and permanent injunctive relief.

## PARTIES, JURISDICTION, AND VENUE

7. Plaintiff is a Michigan corporation with its principal place of business at 20333 Conant Street in Detroit, Michigan, where it operates a pharmacy.

8. Xpress Care is a Michigan limited liability company with its principal place of business at 7431 Vernor Highway in Detroit, Michigan. Defendant currently operates a pharmacy at 3040 E. Seven Mile Road in Detroit.

9. Cliffside is a Michigan limited liability company with its principal place of business at 5487 Kenilworth Street in Dearborn, Michigan.

10. This Court has subject-matter jurisdiction over Plaintiff's Lanham Act claims pursuant to 15 U.S.C. § 1211, 28 U.S.C. § 1338, and 28 U.S.C. § 1331 because this case arises under the trademark laws of the United States, 15 U.S.C. § 1501, *et seq*.

11. This Court has supplemental subject-matter jurisdiction over Plaintiff's claims under the MCPA and Michigan common law pursuant to 28 U.S.C. § 1367 because those state-law claims are so related to Plaintiff's federal claims that they form a part of the same case or controversy under Article III of the United States Constitution.

12. This Court has personal jurisdiction over Defendants because they have continuous and systematic contacts with Michigan such that they are "at home" in Michigan and because Plaintiff's claims arise from Defendants' operation of their businesses in Michigan.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants have their principal places of business in this district and because a substantial part of the actions and omissions giving rise to Plaintiff's claims occurred in this district.

## COMMON ALLEGATIONS

*Plaintiff's Pharmacy, and Its Trade Name and Trademarks*

14. At all times after April 2007, Plaintiff has continuously operated a pharmacy that sells prescription and over-the-counter medications and other pharmacy services to the general public, with most of its customers coming from the immediate geographic area. Throughout that time, Plaintiff's pharmacy has operated under Plaintiff's Trade Name, "Mo-town Pharmacy," and it is well known to the public and prescribing physicians by that name through Plaintiff's advertising, which includes the operation of a website under the domain name "motownpharmacy.com." Plaintiff's Trade Name is not federally registered.

15. Between April 2007 and November 2023, Mo-Town Pharmacy was located in a leased commercial premises at 3040 E. Seven Mile Road in Detroit ("the Seven Mile Road Location").

16. Because of its continuous use of Plaintiff's Trade Name, Plaintiff acquired common-law trademarks (the "Trademarks") for the use of Plaintiff's Trade Name in connection with the sale of prescription and over-the-counter medications in Detroit and the surrounding area.

17. Plaintiff's Trademarks conform to the definition of "famous mark" for the purposes of 15 U.S.C. § 1125.

*Defendant's Pharmacy*

18. Since 2020, Xpress Care has operated a pharmacy business.

19. Xpress Care and/or its principals have an ongoing business relationship with Cliffside and one of its principals, Nuseibeh.

20. Xpress Care and Cliffside and/or Nuseibeh have collaborated and continue to collaborate on business ventures. This collaboration includes a consulting agreement under which Nuseibeh provides direction to Xpress Care in its operation of pharmacies.

*The Buying Group and the Extortionate Conduct Directed at Plaintiff's Principals*

21. Through independent entities, two of Plaintiff's principals, Salem and Faraj, have an ownership interest in the Buying Group, which contracts with pharmaceutical companies for discounted pricing for its members, all of whom own or operate pharmacies. The Buying Group operates under the name Association of Affiliated Pharmacies and Apothecaries, LLC.

22. Nuseibeh is the principal of another member of the Buying Group, Collins Pharmacy Services, LLC ("Collins").

23. In October 2021, Nuseibeh sought to sell Collins' membership interest in the Buying Group and tried to persuade Plaintiff's principals to buy Collins' interest at a price that was grossly in excess of its actual market value, as determined by an independent assessment.

6

24. Plaintiff's principals declined to purchase Nuseibeh's interest at his demand price.

*Defendant Misappropriates of Plaintiff's Trade Name and Trademarks at Nuseibeh's Direction*

25. Upon information and belief, in March 2022, Nuseibeh directed Cliffside to purchase the real property at the Seven Mile Road Location at approximately two to three times its fair market value, thereby acquiring the lessor's interest in the lease under which Mo-Town Pharmacy operated there.

26. Upon information and belief, Nuseibeh arranged with Cliffside for the termination of Plaintiff's lease for the Seven Mile Road Location. This action was taken as part of a course of extortionate conduct designed to wrongfully compel Plaintiff's principals to purchase Collins' interest in the Buying Group at Nuseibeh's exorbitant demand price.

27. With the termination of its lease for the Seven Mile Road Location, Plaintiff was required to relocate Mo-Town Pharmacy to 20333 Conant Street in Detroit, Michigan ("the Conant Street Location"), which is a few blocks away from the Seven Mile Road Location.

28. On November 17, 2023, Xpress Care, acting in complicity with Nuseibeh and/or Cliffside, filed papers with the State of Michigan to acquire the right to operate under the assumed name "Motown Xpress Pharmacy." (Exhibit A [Certificate of Assumed Name]).

29.     Upon information and belief, Defendants collaborated to open a pharmacy at the Seven Mile Road Location under the name "Motown Xpress Pharmacy" because Defendants wrongfully intended to assist Nuseibeh in his efforts to extort Plaintiff's principals in connection with the Buying Group. Specifically, Defendants sought to misappropriate the good will and well-established reputation that were associated with Plaintiff's Trade Name and Trademarks with the expectation that such misappropriation would injure Plaintiff's business and coerce its principals, Salem and Faraj, into purchasing Collins' interest in the Buying Group at Nuseibeh's demand price.

30.     On February 12, 2024, Defendants opened their pharmacy at the Seven Mile Road Location using the name "Motown Xpress Pharmacy." Like Mo-Town Pharmacy, Defendants' pharmacy at the Seven Mile Road Location sells prescription and over-the-counter medications and other pharmacy services to the general public.

31.     Defendants' use of the name "Motown Xpress Pharmacy" misappropriates the good will and reputation that are associated with Plaintiff's Trade Name and the Trademarks

32.     Defendants' use of the name "Motown Xpress Pharmacy" creates confusion in the members of the general public about the sponsorship and origin of the products and services offered by Defendants' pharmacy.

33. Members of the general public and prescribing physicians are led to erroneously believe that Plaintiff is associated with the products and services offered at Defendants' pharmacy at the Seven Mile Road Location. For example, Plaintiff has learned that prescriptions for many of its long-time customers are being sent to Defendants' pharmacy at the Seven Mile Road Location under the erroneous assumption that the pharmacy there is still operated by Plaintiff.

34. The diversion of business from Plaintiff's pharmacy has caused substantial reductions in Plaintiff's operating revenues and has damaged and/or destroyed Plaintiff's business relationships with many of its long-time customers, who have begun doing business with Defendants' pharmacy as a result of the confusion caused by Defendants' misappropriation of Plaintiff's Trade Name and Trademarks.

**COUNT I – TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1125(A)**

35. Plaintiff incorporates the foregoing paragraphs as if fully restated here.

36. Plaintiff is the owner of all rights, title, and interests in Plaintiff's Trade Name and the Trademarks.

37. Without Plaintiff's consent, Defendants operate a pharmacy at the Seven Mile Road Location under a trade name, "Motown Xpress Pharmacy," that is confusingly similar to Plaintiff's Trade Name.

38. Defendants use of the trade name "Motown Xpress Pharmacy" violates 15 U.S.C. § 1125(a) because it is likely to cause confusion and mistake and to deceive consumers concerning the source or sponsorship of the goods and services offered at Defendants' pharmacy, which operates at the Seven Mile Road Location.

39. Defendants' use of the trade name "Motown Xpress Pharmacy" has been and continues to be done with the intent to cause confusion and mistake and to deceive consumers concerning the source or sponsorship of Defendants' goods and services at the Seven Mile Road Location.

40. Defendants' use of the trade name "Motown Xpress Pharmacy" has been and continues to be deliberate, willful, and wanton, and has intended and continues to intend to trade on the recognition of and/or to harm the reputation of Plaintiff and Plaintiff's Trade Name and Trademarks.

41. Defendants' use of the trade name "Motown Xpress Pharmacy" effects "dilution by blurring" and/or "dilution by tarnishment" of Plaintiff's Trade Name and Trademarks, as those terms are defined for the purposes of 15 U.S.C. § 1125.

42. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered irreparable harm to its business generally and to its valuable Trade Name and Trademarks. Unless Defendants are restrained from further infringement of Plaintiff's Trade Name and Trademarks, Plaintiff will continue to be irreparably harmed.

43. Plaintiff has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendants' conduct is allowed to continue.

## COUNT II – VIOLATION OF THE MICHIGAN CONSUMER PROTECTION ACT

44. Plaintiff incorporates the foregoing paragraphs as if fully restated here.

45. Through the operation of their pharmacy at the Seven Mile Road Location, Defendants are engaged in trade and commerce for the purposes of the MCPA.

46. Through its use of the name "Motown Xpress Pharmacy" at the Seven Mile Road Location, Defendants violated the MCPA in the following ways, among others:

    a. causing a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of the goods and services sold through its pharmacy (MCL 445.903(1)(a));

    b. representing that its pharmacy goods or services have sponsorship or approval that they do not have (MCL 445.903(1)(c));

    c. failing to reveal a material fact in connection with the sale of its pharmacy goods and services, the omission of which tends to mislead or deceive the consumer, and which fact could not be reasonably known by the consumer (MCL 445.903(1)(s)); and

      d.    failing to reveal facts that are material to the sale of pharmacy goods and services in light of its affirmative representations of fact (MCL 445.903(1)(cc)).

47. As a result of Defendants' violations of the MCPA, Plaintiff suffered injuries and damages, including, but not limited to, the loss of sales, good will, and reputation.

48. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered irreparable harm to its valuable Trade Name and Trademarks and to its reputation and good will. Unless Defendants are restrained from further infringement of Plaintiff's Trade Name and Trademarks, Plaintiff will continue to be irreparably harmed.

49. Plaintiff has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendants' conduct is allowed to continue.

### COUNT III – COMMON-LAW UNFAIR COMPETITION

50. Plaintiff incorporates the foregoing paragraphs as if fully restated here.

Plaintiff's Trade Name and Trademarks have a long and well-established association with the sale of prescription and over-the-counter medications and with the provision of pharmacy services in Detroit and the surrounding area.

51. Without Plaintiff's consent, Defendants operate a pharmacy business at the Seven Mile Road Location under a trade name, "Motown Xpress Pharmacy," that is confusingly similar to Plaintiff's Trade Name.

52. Defendants' use of the trade name "Motown Xpress Pharmacy" misappropriates Plaintiff's Trade Name and Trademarks and is likely to cause confusion and mistake and to deceive consumers concerning the source or sponsorship of Defendants' goods and services at the Seven Mile Road Location.

53. Defendants' use of the trade name "Motown Xpress Pharmacy" has been and continues to be done with the intent to cause confusion and mistake and to deceive consumers concerning the source or sponsorship of Defendants' goods and services at the Seven Mile Road Location and with the intent to harm Plaintiff's business.

54. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered irreparable harm to its valuable Trade Name and Trademarks and to its reputation and goodwill. Unless Defendants are restrained from further infringement of Plaintiff's Trade Name and Trademarks, Plaintiff will continue to be irreparably harmed.

55. Plaintiff has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendants' conduct is allowed to continue.

## **RELIEF REQUESTED**

As relief from Defendants' violations of federal and state law, Plaintiff requests that this Court award the following remedies:

- a determination that Defendants have violated 15 U.S.C. § 1125(a), that Plaintiff has been damaged by those violations, and that the Defendants are liable to Plaintiff for those violations;

- a determination that Defendants have violated the MCPA, that Plaintiff has been damaged by those violations, and that the Defendants are liable to Plaintiff for those violations;

- a determination that Plaintiff's Trade Name and Trademarks are "famous marks" for the purposes of 15 U.S.C. § 1125;

- a determination that Defendants' violations of 15 U.S.C. § 1125 constitute "dilution by blurring" and/or "dilution by tarnishment" as those terms are defined in that statute and that Plaintiff is entitled to any and all of the relief defined by 15 U.S.C. §§ 1116, 1117 & 1118;

- under all claims for relief, that an injunction be temporarily, preliminarily, and permanently issued against Defendants, their employees, agents, successors, and assigns, and all those in active concert and participation with them and that each of them who receives notice directly or otherwise of the injunctions be enjoined from using any trade name or mark that is confusingly similar to Plaintiff's Trade Name or Trademarks or from importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting, or displaying any service or product using any trade name or mark that is confusingly similar to Plaintiff's Trade Name or Trademarks;

- an order pursuant to 15 U.S.C. § 1118 directing that Defendants deliver for destruction all products, labels, badging, tags, signs, prints, packages, and advertisements in its possession or under its control that bear or use any trade name or mark that is confusingly similar to Plaintiff's Trade Name or Trademarks

- an award of Plaintiff's costs and disbursements incurred in this action, including Plaintiff's attorney fees;

- an award of Plaintiff's damages arising out of Defendants' acts;

- an award of Plaintiff's damages trebled or an award of Defendants' wrongful profits trebled, whichever is greater, plus Plaintiff's costs and attorney fees, pursuant to 15 U.S.C. §§ 1125;

- punitive damages jointly and severally against Defendants in an amount up to three times the amount of the damages awarded to Plaintiff;

- that Defendants be held liable for all pre- and post judgment interest; and

- any other relief the court deems just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury for all eligible counts in this complaint.

**CONSUMER ATTORNEYS**

By: */s/ Sylvia Bolos*
Sylvia Bolos (P78715)
David Chami (AZ #027585)
8245 N 85th Way
Scottsdale, AZ 85258
T: (313) 447-0488
E: sbolos@consumerattorneys.com
    dchami@consumerattorneys.com

CONSUMER ATTORNEYS
22000 Michigan Ave., Suite 200
Dearborn, MI 48124

*Attorneys for Plaintiff*
*New Mo-Town Pharmacy, Inc.*